Our next case on the call of the docket is Agenda Number 14, Case Number 113365, Country Preferred Insurance Company v. Terry Whitehead, Counsel for the Appellant. I guess you were ready before I asked for you, but that's fine. Good morning, and may it please the Court. My name is Mike Rieses, and along with Keith Carlson, I'm here today on behalf of the insurance company. Country Preferred requires an insured to demand arbitration within two years of an accident with an uninsured motorist. The issue in this case is whether Country Preferred can enforce this limitation, period, when the accident takes place in Wisconsin, which has a longer three-year tort statute of limitations for suing the uninsured motorist than does Illinois. The trial court's answer was to uphold the policy's two-year limitation, period. Over a dissent, the appellate court reversed. It held that the two-year period violated Illinois public policy when applied to this defendant. We respectfully submit that the policy's two-year limitation, period, which has been repeatedly upheld, does not violate any Illinois public policy in this case. If we are correct, the judgment below cannot stand. The appellate court's judgment, if affirmed, creates an anomaly. An Illinois citizen who happens to be injured in another state with a longer statute of limitations for suing the uninsured motorist will have more than two years to demand arbitration, whereas the same citizen who is injured in Illinois will be subject to the policy's or a consistent interpretation of the policy. It would run afoul of this court's clear preference for consistency in the interpretation of the policy. And it is this result that we respectfully submit that would violate Illinois public policy. In some insurance policies, is there contracts, is there some indication which state law would control? Yes. We are not lucky enough to have it in this one. I'm sorry? It's not in this one. No, we have a policy limitation for two years that is the same period of time for anyone in Illinois would have. But as to which state law would control. Yes. Well, yes. And there's no question here that Illinois law controls. No question whatsoever. There's no choice of law. There's no choice of law issue here because both opposing counsel and country prefer agree that Illinois law should apply. I guess my question is that in a lot of policies I understand, there is a clause determining. Oh, in terms of, right. Yes, a lot of policies. There is not in this policy. There is no choice of law provision in this policy. Thank you. Sorry. To be consistent, and we think consistency is to be desired. The two-year limitation period should be valid regardless of whether the accident takes place in Illinois or in another state and regardless of whether the other state has a longer statute of limitations than Illinois pursuing the uninsured motorist. When the accident takes place in another state, the policy's two-year limitation cannot violate Illinois public policy when an Illinois insured would have the same two years to demand arbitration as he or she would have to file suit if the accident took place in Illinois. It is no more difficult to demand arbitration within two years of an accident that takes place outside Illinois than it is to demand arbitration when the accident takes place in Illinois. This case proves it. Defendant knew that the other driver was uninsured shortly after the accident. Country preferred sent her a notice of claim. Within three months, it opened a claim file and her attorney, not opposing counsel but someone else, served country preferred with a notice of attorney, well, within two years of the accident. All it took was a one-sentence letter. Pursuant to the policy, we hereby demand arbitration. We name as our arbitrator, my good buddy so-and-so. That's all it would have taken to comply with the arbitration clause. The legislative purpose behind this coverage in Section 143A of the Insurance Code is to guarantee that the insured is protected to the same extent as would be true if the uninsured motorist had been insured in compliance with the Illinois Safety Responsibility Law, Section 7-203, regarding minimum limits of 20,000, 40,000. Beginning with COIN, a 1976 appellate decision, our cases recognize that the legislative purpose is satisfied when the insurance policy provides the minimum coverage specified by Illinois law. In COIN, this Court noted that the two-year limitation was not less than the amount of time that an insured had to determine financial responsibility for the accident, and therefore, the limitation did not dilute the minimum coverage provided by the Illinois law. I think the plaintiff would argue that the policy of Illinois is that the plaintiff should be placed in substantially the same position as she would have been in had the driver in Wisconsin been insured, and that would have been a three-year statute of limitations. How do you respond to that? My response would be, okay. First of all, we don't think the Wisconsin statute of limitations has any relevance in this situation. This is not a torch suit by Terry Whitehead against the uninsured motorist. We do not step into the shoes of the uninsured motorist. This is a contract action brought on an Illinois contract between Illinois citizens, subject to a contract limitation that has been consistently upheld as valid in Illinois. Any liability that we have to Terry Whitehead, the defendant, is based upon our contract and subject to all provisions, including the two-year limitation provision. So if we follow contract law, we would agree with you. Yes. If we say it's the policy of Illinois financial responsibility law to put the victim of an uninsured motorist incident in the same position, could we look at what the position would have been in Wisconsin? And I think, Justice Conroy, you really put your finger on something. Because if you look at the appellate decision in paragraph 8, denominated paragraph 8, they cite this court's decision in Seavers, and they talk about the purpose of uninsured motorist coverage. But what they don't do is they leave out the most important words, which is that the insured is to be put in the same position he or she would be in as if the uninsured motorist was insured, but then you have to say under the Illinois law of financial responsibility, because the cases always look to what is Illinois law, and Illinois public policy is defined by reference to Illinois laws, statutes, and our Constitution. Our public policy is not decided based upon the laws, cases, and Constitution of 49 other states. The flaw in the appellate decision is that it relies on Wisconsin's longer statute to void the two-year limitation on Illinois public policy grounds. Other states have adopted longer statutes of limitations for their citizens, and two of those states, Wisconsin and Missouri, happen to sit on our borders. Wisconsin has a three-year statute, Missouri has a five-year statute. Another state's tort law, which has an expression of that state's public policy, allowing for a longer period of time to file suit should not be used to invalidate a provision that our own courts have upheld in an insurance policy between Illinois citizens. Illinois public policy, as expressed in our statutes and court decisions, has determined that two years is a reasonable time for suing the uninsured motorist for bodily injury and also for demanding uninsured motorist arbitration under the insurance policy. Wisconsin's three-year statute of limitations should not override the policy's two-year limitation period. You referenced, with regard to the appellate court opinion, the Seavers case. Can that case be read to indicate that equitable consideration should override the contractual provisions in this case? I don't believe that equity really had anything to do with Seavers. I think all Seavers does is it equates treatment for minor uninsured motorist claimants with minor tort plaintiffs when they sue uninsured motorists. In other words, you have tolling, equitable tolling, I suppose is what you're referring to, equitable tolling of the two-year limitation period. But I don't think that the Seavers court would have anticipated that its decision would be used as it's being used by the defendant in this case to create really unequal classes of similarly situated insurers. Those who are involved in accidents in Wisconsin have more than two years to demand arbitration if their argument is accepted. But those who are involved in accidents in Illinois are still subject to the two-year limitation period. I don't think that Seavers anticipated the result that was reached by the appellate court in this case. Illinois public policy shouldn't turn on what another state has to say about how long a time period a plaintiff has to sue for bodily injuries taking place in another state. The two-year limitation at issue has been upheld as valid and a reasonable limitation on an insurance company's contractual liability. Its validity should not turn on the happenstance of whether the accident takes place in Illinois and if it takes place in another state other than Illinois, whether that state has a statute of limitations that is longer than the one in Illinois. Defendant's argument does have consequences beyond this case. If the purpose of uninsured motorist coverage, and I think Justice Carmar we've been talking a little bit about it this morning, if the purpose of uninsured motorist coverage is always to put the insured in the same position that he or she would be in if the other driver was insured without regard to the financial responsibility law, then an insured would be able to avoid other coverage limitations valid in Illinois when the accident fortuitously happens in another state with more favorable law than Illinois law and public policy require. We've given two examples in our reply brief. One involving the policy's fiscal contact requirement for a hit-and-run accident and the other involving the limits of uninsured motorist coverage. The point is that unless the purpose of uninsured motorist coverage is limited to the proper context of putting an Illinois insured in the same position he or she would be in if the uninsured motorist carried minimum limits required by Section 7-203 of the Vehicle Code, defendant's argument is open-ended and allows another state's law here in Wisconsin to trump a limitation that is valid in Illinois. That argument proves too much. Our General Assembly, which occupies a better position in the courts for determining public policy, has concluded that two years is an adequate time to assert a claim against an uninsured motorist. There is no Illinois public policy that is violated if a court applies the policy's two-year limitation when an Illinois insured happens to be involved in an accident in another state with a longer statute of limitations for suing the uninsured motorist. We respectfully submit that the appellate court wrongly used Wisconsin's longer statute of limitations to invalidate the policy's two-year limitation period that is not against Illinois public policy on grounds of public policy. We ask you to reverse the appellate court and to reinstate the trial court's order denying defendant's motion to compel arbitration. Yes. I have one question. Yes. That's based upon, I think on page 5 of your brief, you refer to the fact that this is an interlocutory appeal. Yes. A country preferred filed a declaratory judgment action. There was a motion for arbitration, which was denied, and that was appealed. If we were to reverse the appellate court, what issues remain to be sent back? Well, I think we would still have to show that the defendant did not comply with the two-year arbitration provision. There's been no claim that we have waived it or that we are equitably stopped from relying on it, but I think this is a point in the dissenting appellate justice's opinion. Defendant did deny that she didn't comply with the two-year clause, so it would still be required for us going forward to show that she didn't comply. I mean, her, you could say, elegant way of trying to avoid the issue was to simply say that the clause was invalid, and if it's invalid, you don't have to comply with it. So you agree it would have to go back? Yes. Thank you. Counsel for the appellee. Good morning, Your Honors. May it please the court, counsel. For the defendant appellee, Terry Whitehead, Robert Chemmers from Pretzel and Stauffer in Chicago. Justice Carmier, I think the only thing that would come out of an affirmance from this court is that insurance companies in Illinois with two-year limitations for uninsured motorist claims, as Mr. Reese would have this court believe, wherever they occur, would wind up having to pay more claims. That's the consequence that they want to avoid. The laundry list of more than 25 or more years of litigating the two-year provision doesn't make it right in every circumstance. In fact, not one of those cases says it's right in every circumstance. In fact, the Fifth District in Hale v. Country Mutual, a case which if we listen to what Mr. Reese has just told us and what they say at footnote two at page six of their reply brief, that the insurance company within three months of the accident was aware of an uninsured motorist claim, set up a claim file, sent a U.M. claim form to the claiming insured, and then received a lien notice from the lawyer within two years. My question is, why are we here? Under Hale, the Fifth District appellate court held, the notification provision, the provision in the policy is a notice provision. If there's notice, it's not a trap for the unwary. And that in Hale, what the court recognized was that the notice of the claim was notice of an impending arbitration, which is the same thing we have here. And if the court looks at this, there is no question that Country Preferred did what Country Mutual, its sister or parent company, did in Hale. It opened a claim file. It assigned a number. It assigned an adjuster. And it was communicating with the insured. It did what the Fifth District said was invoked the claim handling process. That's the same thing here. Now, the fact that the ‑‑ You're saying there's no need to make a demand for arbitration as their claim. Well, the Fifth District said there's no magic language. And what did Country Preferred think this woman was doing when she made a claim for uninsured motorist coverage that she was told shortly after she made the claim, which was in October of 2007, when she gets a letter in October of 2007, letters in 08 and in 09, saying, call me. Send me your specials. We'll discuss settling your claim. This is from the insurer's claim representative, as recounted in the statement of facts in the appellate court opinion, which they never contested. Now, I'll shift gears. The Wisconsin statute of limitations for an auto accident for bodily injury is three years. It doesn't trump Illinois public policy. Illinois public policy, we agree, is determined by the Constitution, the statutes, and the judicial decisions of this state. When those are looked at, they are uniform. They are uniform in their application of the simple truth from the uninsured motorist statute that the injured insured is entitled to be placed in a substantially similar position to what she would be in if the other driver had insurance, including the same amount of time to bring an action. It began with Burgo, the First District case 40 years ago, where they recognized that where the tort statute of limitations is two years, but the policy limitation in Burgo was one year, it was commented by the author of that decision that the limitation violates the statute of limitations to bring the injury suit. It diminished and diluted the statutorily mandated coverage. And the court went so far as to say shortening the limitation to bring an action against the other driver is arbitrary, unreasonable, and capricious, and against the public policy of this state and is therefore void. You're saying that the public policy of this state should be determined, I guess, and influenced by the decisions in this state. Does that mean that the decisions of other states cannot be considered? This court can consider those decisions, Justice Freeman, and if you're referring to the two other decisions in the United States involving this issue, other than the one that emanated from the Third District here, the Supreme Court of Ohio, which with a dramatically different public policy than Illinois, where all it said was the public policy there or what the purpose of their U.M. statute was, was to give the person an adequate amount of recovery. Because they also said the limitation in the policy was applicable to minors, which this court said was against Illinois public policy 30 years ago in the Seavers case. The other case they rely on, which is another country mutual case, is from a court in which that decision is not even the law, and that's the Tenth Circuit. It's an unpublished, non-precedential decision that even the Tenth Circuit wouldn't regard as the law if someone cited it. They're apparently under their rules, and we check. You can cite an unpublished decision, unlike this state where you can't cite a Rule 23 order, except for certain limited purposes, none of which would be applicable here. Mr. Chalmers, you were on the Berger case, and I think you also mentioned the Severs case. But isn't there an important distinguishing feature that those cases measured the policy's time limitation period against the applicable Illinois statute of limitations period? Berger was one year, yes, and Seavers was a minor. But there's Coyne, Coyne v. Country Mutual, which didn't involve either one, where it held that the two-year limitation was appropriate under the U.N. statute and didn't conflict with public policy because two years was the same amount of time that injured insured had to bring a lawsuit against the at-fault driver. Therefore, it was, it complied with public policy. It didn't diminish or dilute the coverage that would otherwise be available, which happened in both Berger, which shortened the limitation, and in Seavers, which also shortened the limitation. Right, but it would seem that Berger and Seavers, you know, they're looking at the policy limitation against the applicable Illinois statute. So, you know, a policy that says one year in the Illinois statute is two years, you would think is consistent perhaps with opposing counsel's argument. Here we're dealing with a three-year Wisconsin statute, not a two-year Illinois statute. You're dealing with a three-year Wisconsin statute. However, the public policy as recognized by numerous decisions from this court with respect to uninsured motorist coverage, that would be Hoagland, Squire, Putnam, Menke, I'm sure I'm leaving some out, Phoenix that came down just about a year ago, they're uniform. It is put the insured in a substantially similar position to what she would be in if the other driver had insurance, which includes under COIN the same amount of time to bring a client. So is your position that if the Wisconsin statute was one year, that the Illinois provision in the policy rather here could be one year? No. The policy is two years. Well, under that argument, though, that would put the insured in the same position it would be if he was, let's say Arkansas had a one-year statute and their policy had one year. I see where you're going, Justice Stems. I would have to agree with that, but that's not the situation here. The public policy has put the person in the same position they'd occupy if the other driver had insurance, which includes the same amount of time to maintain a lawsuit. Let's see, that gets back to my argument. And Berger and Seavers, you'd be in here then arguing what Berger and Seavers says, hey, one year isn't good enough because the public policy of the state of Illinois for a tort claim in Illinois is two years. But in this case, we have a situation where all of the country mutual cases, the whole lineup of them, and there are at least a dozen that they've cited, all have the same bottom line. The bottom line was the limitation provision involved was the same. It just seems to me we would be making a statement that if there is an accident in another state and that state has a statute of limitations of two years or three years or greater, let's say, that we would have to employ the statute of limitations of that state. However, if there's a statute of limitations in a state out there for a personal injury claim where it's one year, then we would use the Illinois statute of limitations. I don't know if the court would have to go that far because one thing that comes to mind with this issue, it's never been before this court before. Before we had it in Ottawa, it had never been before an Illinois reviewing court before. And yet this is an insurance company that is probably the third largest writer of policies in this state behind State Farm and Allstate. Where have all the claims gone? People get injured in other states. There's no doubt that the country preferred country mutual drivers leave Illinois to go to Wisconsin where there's a three-year statute or go to Missouri where there's a five-year statute. No doubt have accidents. Presumably they filed within two years. Perhaps they did or perhaps they went to a lawyer and the lawyer said, look, the policy says two years. It's been three. Too bad. It doesn't matter. It's a five-year statute. It's expensive to take on country mutual. Look, they won 12 of these cases in the last 25 years. They just keep bringing them over and over and over, which is really what they've done. But why is it they were challenged? They were challenged in Coyne where Coyne held the limitation is okay because it's the same amount of time you have to bring the tort case. In Hale, the Fifth District reversed. It reversed because it's not a trap for the unwary and that a letter saying we have a claim was sufficient under a two-year limitation with respect to suit, arbitration, or claim. It was sufficient. It's not a trap for the unwary. No magic language was pointed out by the court in another one of these cases, parish versus country mutual. So they've been chipping away. This is the first time someone makes a claim notwithstanding the two-year limitation where the time to bring the suit was three years. So for this court to affirm, it would not be holding that Illinois public policy varies depending on where the accident takes place, as the insurance company seems to argue here. Actually, instead, this court would apply well-settled public policy and determine that the public policy is violated. When the time limitation provision in the contract for a U.M. claim is shorter than the statute of limitations. That is to say. So that means that if it's a, it's not against public policy if it's an Illinois accident or it's a U.M. driver in Illinois. Is that what you're saying? That's correct. So it's fine. It's only against public policy if the accident occurs in Wisconsin or Missouri or another state that has a longer tort limitation. Correct. Justice Garmon, it would be that because the public policy in this state is to put the insured, the injured insured person in the same position he or she would occupy if the other driver had insurance and have the same amount of time to maintain the action. Which is what Burgo said, which is what this court in Seavers said, and which is what the appellate court in Coyne said. And that's the touchstone. The touchstone of the validity of the limitation is it doesn't diminish or dilute the coverage mandated by the U.M. statute. If it does, if it diminishes or dilutes the coverage that this person contracted for, every case says the provision is non-applicable and void as against public policy. Everyone says that. Every one of these cases is uniform. The problem with this case is it's different. It's different in that it has a different fact pattern. It's not like any of the 12 or 15 or whatever number of published decisions there are that Country Mutual had from various Illinois appellate courts. All the districts except this was the first from the third, which is interesting. First published decision from the third. What would be your response to the argument that Illinois law would countenance parties agreeing to a shortened period of agreeing to a two-year limitation based upon the contract? Well, if a person who pays a premium agrees to anything, if any aspect of the policy is, you know, I typically represent insurers, so I'm going to have to deny I ever said this. If they typically, if they actually agreed to anything by merely paying a premium in a contract where there is no It's not as if she could have paid extra money and had the two-year limitation made a five-year limitation, so virtually any state should be able to make a U.M. claim against her carrier here in Illinois. So I don't think that argument, I think that's a nonstarter. Let me ask another question then. You're indicating that we should abide by the Wisconsin statute of limitation as to tort claims, not their statute of limitation as to uninsured motorists, because I think they have a five-year statute of limitations for those claims. Would your argument be the same, or does this argument then, if we agree with you, would that mean if the limits of coverage in the other state are different than Illinois requires, that we have to follow the limits of coverage in that state? To put your client, in this case, in the same position. If, for example, Wisconsin had a limitation, you had to have at least 50,000 of U.M. coverage. Well, that wouldn't matter here because she has 250,000 in U.M. limits. But what would your argument be? The argument, we're not saying all it is is substantially the same position she would be in if the other driver had insurance. If the minimum financial responsibility law was different, that might be one aspect. We're not saying anything. We don't have the fear factor that Michael Reese has brought before the court and points out that it would mean something like it would do away with the, I think he called it the physical contact requirement. Well, physical contact in Illinois, we have the cases from the mid-'70s from this court, Ferega and Finch, cases from the 80s. But since the year 2000, we haven't had physical contact requirement in Illinois. Since we don't get to file a reply to their reply, I'll just tell the court. This is their argument at page 10 of their reply brief. Gross Hans versus Dairyland Insurance out of the 3rd District, 311 Illap 3rd 876, did away with physical contact requirement in Illinois. If there is no physical contact, there's still a hit and run, and you have to prove the facts of the accident. That's what the 3rd District recognized and what is pretty much standard policy language. So that's not an issue. Mr. Chalmers, explain to me, as if argued for the first time, even before a legislature, why would public policy concerns be indicated as a result of someone needing that extra year because it's a Wisconsin case, knowing that you're not going after that tort fee, you're going under the policy? Well, the concern would be the fact that under the U.M. statute, there is no time limitation. The time limitation to bring an action on a written contract in Illinois is 10 years. However, the cases that have evolved in connection with that statute have recognized that two years is a reasonable time to bring a claim because, and solely because, it's the same amount of time you have to bring an action against the adverse driver. That's what has evolved. The 1st District in Burgo, which I think was the first case to look at this, pointed out that the one-year limitation could never survive because it did violence or violated the tort statute of limitations. That's what they said. And then they went on and they called the limitation something that diluted and diminished insurance coverage, which you paid for and you contracted for and you expect to receive. And it called that diminution and dilution not only void as against public policy, they went out and said they called it arbitrary, capricious, and unreasonable, and void as against public policy. So with a statute that has no limitation within it, 10 years to bring a suit on a policy, two years is reasonable if that is the amount of time the injured person would have to maintain the tort action. If that person would have a longer amount of time, then the public policy recognized by the long list of cases, many of which are theirs, would not be offended by saying put the person in the same position she would occupy as if similar position to the adverse driver having insurance and the same amount of time to bring a claim. I dare say it's not going to open the floodgates to litigation if this court were to affirm. If anything, and if it did, then country preferred and companies with limitations like this would only be doing what they're contractually obligated to do, pay claims. That's the biggest adverse consequence of an affirmance here. They may have to pay more claims because people who have had accidents in other states with longer statutes of limitations who may have been scared off by the laundry list of decisions, saying you only have two years, by their own policy language that says two years, may now bring claims. Wouldn't that be awful for the insurance industry? You indicated that the Hale case out of the 5th District would say this might be enough. Is that issue before us or is the only issue the denial of the motion for arbitration? We cited Hale in this court. We cited Hale in the court below. But the court below only looked at the issue of put the person in the same position she would occupy had the time limit been the same. Clearly this court can look anywhere in the record to affirm and it could look at what's here, what they admit. They opened a claim file three months after the accident and sent out a claim form involving uninsured motorist coverage information. We also have in our brief in this court the statement of fact. They paid her son-in-law's claim. What were they doing? Just getting back to that one question, though. It seems to me counsel for the insurance company said it should go back to the, if we agreed with her position as to the two-year limitation, it should go back to the trial court under declaratory judgment action. What issues remain there? Counterclaim for bad faith, among other things. Basically based upon the notice that was given. That's correct. This case is on all four with Hale. Thank you. I would respectfully ask this court to affirm. Thank you. I want to begin with what Justice Carmeier just asked opposing counsel about Hale. Hale is one site as part of a string site of about a dozen cases on page 14. There's no argument in this appeal about notice being equal with a demand for arbitration. The appellate court didn't even address the argument. This argument is not before the court. It has nothing to do with the issue before this court, which is the validity and enforceability of the two-year limitation on arbitration demands when Wisconsin has a longer tort statute of limitations. That's the only issue before the court. I was surprised when counsel said that apparently if we can find a state out there with only a one-year statute of limitations, they'd only have one year. If this court enforces this policy as written, it's two years. It's two years if the other state has a three-year statute, a five-year statute, or a one-year statute. The limitation applies throughout the coverage territory. That's in our contract. It doesn't go up or down depending upon the fortuity of where the accident takes place. Going back to Burgos and Seavers, I think the point's been made, but just for reinforcement, in those cases the policy limitation is being measured against the applicable Illinois statute. It's an Illinois yardstick. It is always, until this case, an Illinois yardstick. And the purpose of uninsured motorist coverage is to put the insured in the position he or she would be in if the wrongdoer had been insured under the financial responsibility law, Section 7-203. It is not a vehicle for importing more favorable law from another jurisdiction to invalidate a limitation that Illinois courts have repeatedly upheld. I was also a little bit surprised. I'm not too sure, but I got an answer. But I know the counsel is saying that, well, maybe if Wisconsin has a higher limit of 25,000, 50,000, Illinois is 2040, if Wisconsin is 2550, well, maybe, maybe yes, maybe no. We're not sure what his answer is about whether or not those limits would apply. I think the answer should be very clear based on what this Court has said, citing the same decisions that counsel rattled off. It's the financial responsibility law that governs, and it's not a vehicle to be used to import the law of another jurisdiction. Finally, I just would like to emphasize how easy it is to comply with the clause. Counsel raises the question about all these people who are being denied claims because somehow, even though they're Illinois insureds and presumably they have Illinois lawyers, they don't think of the Illinois two-year statute. They're thinking of a three-year statute in Wisconsin or a five-year statute in Missouri. Again, a one-sentence letter in two years. Dear country preferred, pursuant to the policy we demand uninsured motorist arbitration, we name so-and-so as our arbitrator. That's easier than any lawsuit. The limitation period is reasonable. It's a reasonable limitation on the company's exposure. That's come from the courts many times over. I thank the Court today for the time and attention it has spent for the oral argument, and again, we ask you to reverse the appellate court and reinstate the trial court's order denying defendant's motion to compel. Thank you for your time. Thank you. Case number 113365, Country Preferred Insurance Company v. Terry Whitehead, is taken under advisement as agenda number 14. Mr. Marshall, the Illinois Supreme Court stands adjourned until Tuesday, May 22, 2012, 930 a.m. Thank you.